**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles A. Gulden, ) | No. CV 08-1805-PHX-NVW |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Pete Geren, Secretary, United States ) | |
| Army, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Defendant Pete Geren, Secretary of the Army ("United States") moves to dismiss Plaintiff Charles A. Gulden's ("Gulden") complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc # 7.) Gulden appears pro se. "A document filed pro se is 'to be liberally construed . . . .'" *Woods v. Carey*, 525 F.3d 886, 889 (9th Cir. 2008) (citing *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam)). This order addresses only the arguments and issues briefed by the parties. For the following reasons, the motion will be denied in part and granted in part.

**I. The Settlement Agreement**

The United States and Gulden signed a Negotiated Settlement Agreement ("NSA") on August 17, 2005, to resolve certain discrimination claims alleged in Gulden's March 1, 2005 Equal Employment Opportunity ("EEO") Complaint. The United States moves to dismiss all claims in this case predicated on allegations settled by that agreement. Gulden

1 concedes that the claims of discrimination in his complaint relating to events before
2 August 17, 2005 were settled by the NSA.  Accordingly, any such claims will be
3 dismissed with prejudice, but Gulden may continue to include the underlying events in his
4 complaint as relevant background information.

**II. Subject Matter Jurisdiction**

Section 2000e-3(a) of Title 42 makes it an unlawful employment practice "for an employer to discriminate against any of his employees or applicants for employment . . . because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [42 U.S.C. §§ 2000e-2000e-17]."  A court does not have subject matter jurisdiction over a suit brought under this section unless the plaintiff has exhausted his or her administrative remedies. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2003) ("To establish subject matter jurisdiction over his Title VII retaliation claim, [a plaintiff] must have exhausted his administrative remedies by filing a timely charge with the EEOC." (citations omitted)).  As part of the exhaustion process, "a federal employee must notify an EEO counselor of discriminatory conduct within 45 days of the alleged conduct, and then, if the matter is not resolved, the employee may submit a formal administrative complaint." *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001) (citing 29 C.F.R. §§ 1614.105, 1614.106); *see also* 29 C.F.R. § 1614.103(a) (making part 1614 applicable to complaints alleging retaliation).

**A. Hostile Work Environment**

A claim for hostile working environment is timely so long as an act "contributing to that hostile environment takes place within the statutory time period." *AMTRAK v. Morgan*, 536 U.S. 101, 105 (2002).  However, the act that falls within the statutory time period must be a "non-discrete" act. *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 893 (9th Cir. 2005).  Non-discrete acts are those that occur "over a series of days or perhaps years and, in direct contrast to discrete acts, a single act . . . may not be actionable on its own." *Morgan*, 536 U.S. at 115.

The complaint's First Cause of Action alleges retaliation in the form of a hostile work environment. The United States moves to dismiss that claim for failure to exhaust administrative remedies. Gulden contacted an EEO counselor on September 26, 2006. For his claim to be timely, he must have alleged a non-discrete act that took place within 45 days of that date and that contributed to the alleged hostile work environment. Three of the acts that Gulden alleges took place before September 26, 2006, are easily classified as discrete: (1) an arbitrary performance review in October 2005; (2) failure to promote him to a GS-14 position in October 2005; and (3) an arbitrary performance review in August 2006. Because they are discrete, those acts cannot support the timeliness of his hostile work environment claim.

Gulden alleges that in January 2006 his new supervisor "began treating him in a disrespectful and demeaning manner." In March 2006, he made a written request to discuss his employment conditions, which "resulted in attempts to discourage, ignore or summarily dismiss his concerns, and in numerous 'gotcha' attempts by his immediate supervisors." One of his supervisors eventually dismissed his complaints "by written (e-mail) memorandum." The dismissal allegedly contained a fabricated recitation of facts. Although the timing of the dismissal is not clear from the complaint, it appears to have been sent in May 2006. These allegations are too broad. For his harassment claim to be timely, Gulden must allege at least one specific instance of disrespectful or demeaning treatment, or at least one "gotcha attempt," or at least one instance of fabricated evidence that took place within 45 days of September 26, 2006. He has not done so.

The Court appreciates the confusion that a pro se litigant seeking to satisfy *Porter* and *Morgan* may encounter when attempting to plead a hostile work environment claim. *Porter* requires the plaintiff to plead a "non-discrete act" that took place within the statutory period and, by definition, the discriminatory act of harassment occurs not on any given date but rather over "a series of days or perhaps years," *Morgan*, 536 U.S. at 115. Understandably, a plaintiff may be tempted by these precedents to plead that disrespectful or demeaning treatment occurred over a long period of time that includes the statutory

- 3 -

time period. But a "non-discrete act" is a specific component act of harassment that "may not be actionable on its own." *Morgan*, 536 U.S. at 115. Such an act does take place at an ascertainable time and place. *See Porter*, 419 F.3d at 893 (holding that eating and spitting in an employee's food or hurling an epithet at an employee are "non-discrete acts"). The plaintiff must allege one of those specific component acts that took place within the time statutory time period.

Gulden also bases his hostile work environment claim in part on his supervisors' noncompliance with the terms of the NSA. He alleges that, at some unspecified time, one of his supervisors told him that she was "not obligated to apply the job description that had been developed as stipulated in the NSA, nor was she obligated to make his permanent promotion to his job as stipulated in the NSA." Gulden's complaint does not provide any example of how his day-to-day working conditions departed from the job description in the NSA. He points to no event within 45 days of September 26, 2006 where he was denied some task or responsibility falling within the job description. Even if he did, it is not clear whether such noncompliance with the NSA can be litigated before this Court as part of a hostile work environment claim because the NSA provides its own remedies for noncompliance. (*See* Doc. # 7, Ex. 1 at ¶ 7.)[1]

Respecting Gulden's promotion, the terms of the NSA provide that it was to "be converted to a permanent promotion effective on September 10, 2006." (*Id.* ¶ 4(a).) Gulden's complaint does not allege whether his promotion was made permanent at the specified time. But even assuming that the complaint stated that his supervisors failed to make his promotion permanent, that would obviously be a discrete act. *See Morgan*, 536 U.S. at 114. ("Discrete acts such as termination, *failure to promote*, denial of transfer, or refusal to hire are easy to identify." (emphasis added)). Accordingly, Gulden's

---

[1] "In reviewing a motion to dismiss based on lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the court may consider affidavits or any other evidence properly before the court." *Sommatino*, 255 F.3d at 710 n.3 (citing *American Medical Colleges v. United States*, 217 F.3d 770, 778 (9th Cir. 2000)).

allegations of noncompliance with the NSA do not support the timeliness of his hostile work environment claim.

Gulden has not alleged a non-discrete act contributing to the allegedly hostile environment that took place within the statutory time period. Accordingly, the First Cause of Action in his complaint will be dismissed.

**B. 2007 Performance Evaluation**

Skipping to the complaint's Third Cause of Action, Gulden alleges retaliation in the form of an arbitrary performance evaluation in 2007. Gulden contacted an EEO counselor on October 4, 2007. The 2007 performance evaluation is a discrete act and therefore must have become effective on August 21, 2007, or later for his claim to be timely under the applicable regulations. 29 C.F.R. § 1614.105 ("An aggrieved person must initiate contact with a Counselor . . . in the case of personnel action, within 45 days of the *effective date* of the action." (emphasis added)).[2]

The complaint does not specify the effective date of the 2007 performance evaluation. The evidence shows that Gulden and his supervisors signed this evaluation on July 31, 2007. (Doc. # 7, Ex. 7.) Gulden does not contest that all of the relevant parties signed the evaluation on that date, making it effective. (Doc. # 7, Ex. 6 at 5) ("I have no knowledge or information about when the Senior Rater actually executed this document,

---

[2] The United States argues that notice of a proposed action is sufficient to begin the 45-day clock. It cites *Erbel v. Johanns*, 2007 U.S. Dist. LEXIS 33900 at *34–36, 2007 WL 1387331 at *11 (E.D. Tenn. May 8, 2007), and *Kincade v. O'Neill*, 2003 U.S. Dist. LEXIS 20758 at *39–42, 2003 WL 22244943 at *13–14 (D.Conn. Sept. 29, 2003) *vacated in part by* 2003 U.S. Dist. LEXIS 20758, 2003 WL 22735064. However, the relevant regulation clearly states that in the case of a personnel action the 45 day clock begins running from the "effective date of the action." *Erbel* and *Kincade* do not explicitly discuss whether a proposed action can begin the 45-day clock. In light of the plain language of the regulation, the Court is not persuaded by that authority. In any event, since Gulden does not contest that the evaluation was officially executed on the same day that it was proposed to him, this issue does not seem to matter. As with all other issues discussed in this section of this order, the Court is open to further briefing on this issue should Gulden amend his complaint and the United States again move to dismiss the Third Cause of Action under Rule 12(b)(1).

- 5 -

nor do I challenge the date that is shown . . . .") If July 31, 2007, is the effective date of the evaluation, his request for counseling was technically untimely because he contacted an EEO counselor more than 45 days later. However, for a number of reasons, the Court is not confident that Gulden's counseling request was untimely.

When Gulden contacted the EEO counselor on October 4, 2007, he explained that the Senior Rater's signature was not affixed at the time he signed the evaluation. He also explained that he was not notified of the evaluation's full execution until August 28, 2007. (Doc. # 7, Ex. 6 at 5.) Gulden appears to be arguing that even if the evaluation was executed and became effective on July 31, 2007, his time to contact an EEO counselor should have been extended because, for reasons beyond his control, he did not know that it had become effective until August 28, 2007. The applicable regulation allows extension of the 45-day time limit for counseling when the individual shows "that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred." 29 C.F.R. § 1614.105(a)(2). Although the EEO counselor's report does not cite this provision, it also does not note that Gulden's contact was untimely. (Doc. # 7, Ex. 5.) Gulden did in fact receive counseling regarding his 2007 performance review and the counselor provided him with notice of his right to file a formal complaint on November 15, 2007. (*Id.*) Given these facts, it is not clear whether the United States can rely on the technical untimeliness of Gulden's counseling request. Additionally, Gulden may be making argument for equitable tolling. *See Socop-Gonzalez v. INS*, 272 F.3d 1176, 1184–85 (9th Cir. 2001) (en banc) (to be entitled to equitable tolling "all one need show is that by the exercise of reasonable diligence the proponent of tolling could not have discovered essential information bearing on the claim").

The parties have not briefed these issues. As discussed below, Gulden's Third Cause of Action will be dismissed under Rule 12(b)(6) in any event. Therefore, at this time, the Court will deny the United States' motion to dismiss the Third Cause of Action for lack of subject matter jurisdiction. The United States may raise and fully brief the

1 issues again if Gulden chooses to amend his complaint.  To be clear, the Court is not
2 prejudging the aforementioned issues.  It is merely identifying issues that should be
3 briefed in the event that Gulden amends his complaint and the United States again moves
4 to dismiss the Third Cause of Action under Rule 12(b)(1).

**III.  Failure to State a Claim Upon Which Relief May be Granted**

"A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  Under Rule 12(b)(6), "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  A plaintiff must allege facts sufficient "to raise a right to relief above the speculative level." *Id.*  The United States moves to dismiss the Second Cause of Action and the Third Cause of Action, which allege retaliation in the form of arbitrary performance evaluations in 2006 and 2007, because Gulden has not plead sufficient facts to support his legal theory.

To establish a prima facie case of retaliation, a plaintiff must show "(1) involvement in a protected activity; (2) an adverse employment action; and (3) a causal link between the two." *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000).  For the purposes of this motion only, the United States presumes that Gulden's original EEO complaint, which resulted in the NSA, and his subsequent EEO complaint in 2006 constitute protected activity.  The United States further presumes that Gulden's 2006 and 2007 performance reviews constitute adverse employment actions.  It argues, however, that Gulden's complaint does not contain factual allegations showing a causal nexus between the protected activity and the adverse performance reviews.

"[C]ircumstantial evidence of a 'pattern of antagonism' following the protected conduct can . . . give rise to the inference [of causation]." *Porter*, 419 F.3d at 895 (quoting *Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173, 177 (3rd Cir. 1997)).  Gulden's complaint attempts to allege such a pattern of antagonism following the NSA.

- 7 -

However, it lacks the necessary factual support. He does not describe specific instances where he was treated disrespectfully or in a demeaning manner. He does not describe any instances of "gotcha attempts." He does not describe times where he was denied tasks or responsibilities fitting within his job description. Gulden's broad allegations of demeaning and disrespectful treatment do not meet the standard on a motion to dismiss. He must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965.

The temporal relationship between Gulden's protected activities and the allegedly arbitrary performance reviews does not, by itself, raise an inference of causation under the facts as alleged. Where a plaintiff relies solely on the temporal proximity of a protected activity and an adverse employment action to prove causation, "the temporal proximity must be 'very close[.]'" *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 274 (2001). In this case, there was an eighteen month gap between Gulden's original EEO complaint and his 2006 performance review. There was a ten month gap between his 2006 EEO complaint and his 2007 performance review. Our circuit has held that a nine month gap was too long to infer causation from temporal proximity alone. *Manatt v. Bank of Am.*, 339 F.3d 792, 802 (9th Cir. 2003). Accordingly, the gap between Gulden's protected activities and the alleged adverse employment actions is too long to infer causation from temporal proximity alone.[3]

Gulden's complaint does not show that his negative performance evaluations in 2006 and 2007 were caused by his protected activities. The motion to dismiss the Second Cause of Action and the Third Cause of Action will therefore be granted.

---

[3] The United States additionally points out that the supervisor named in Gulden's EEO complaints, Mr. James Wymer, signed neither the 2006 nor the 2007 evaluation. Rather, two of Gulden's other supervisors signed those evaluations. The United States therefore argues that causation is absent. This argument fails because Gulden's complaint alleges that Mr. Wymer directed the other two supervisors' discriminatory acts. The Court must assume that fact to be true on the United States' motion to dismiss. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001).

- 8 -

### IV. Amendment

Gulden's proposed amendment to his complaint does not address the deficiencies noted in this order. His motion to amend will therefore be denied. However, Gulden will be granted further leave to amend his complaint to address the deficiencies noted in this order. Gulden is reminded that "[w]hen ruling on a motion to dismiss, we may 'generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.'" *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030–31 (9th Cir. 2008) (quoting *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899–900 (9th Cir. 2007)); *see also* Fed. R. Civ. P. 7(a) (defining the pleadings allowed). Gulden's current complaint in this case makes frequent reference to his previous EEO complaints, but does not attach them. If Gulden amends his complaint, he must include his factual allegations in the complaint.

IT IS THEREFORE ORDERED that Plaintiff Charles A. Gulden's motion to amend his complaint (doc. # 9) is denied.

IT IS FURTHER ORDERED that the motion to dismiss (doc # 7) is granted and Plaintiff is granted leave to amend his complaint by March 25, 2009.

IT IS FURTHER ORDERED that this action will be dismissed with prejudice if Plaintiff does not file an amended complaint by March 25, 2009.

DATED this 4th day of March, 2009.

_____
Neil V. Wake
United States District Judge