**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Charles A. Gulden, | ) | No. CV 08-1805-PHX-NVW |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Pete Geren, Secretary, United States Army, | ) | |
| Defendant. | ) | |

Defendant Pete Geren, Secretary of the Army ("United States") moves for judgment on the pleadings under Fed. R. Civ. P. 12(c). (Doc # 22.) Plaintiff Charles A. Gulden's ("Gulden") appears pro se. "A document filed pro se is 'to be liberally construed . . . .'" *Woods v. Carey*, 525 F.3d 886, 889 (9th Cir. 2008) (citing *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam)). This order addresses only the arguments and issues briefed by the parties.

The Court dismissed Gulden's original complaint because he had not alleged a non-discreet act that took place within 45 days of his contacting an Equal Employment Opportunity ("EEO") counselor and because he had not alleged facts sufficient to raise his retaliation claim above the speculative level. (Doc. # 14.) Gulden's first amended complaint is almost identical to his original complaint, but he has attached a 34 page affidavit and 57 exhibits to strengthen his factual allegations. The United States does not

object to Gulden's filing, so the Court will consider his affidavit and the attached exhibits in ruling on the United States' motion for judgment on the pleadings. Fed. R. Civ. P. 10(c); *cf. Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1062 (9th Cir. 2004) ("[A]ttachments to a complaint are to be considered part of the complaint in deciding a Rule 12(b)(6) motion." (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990))). "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998).

In August 2005, Gulden entered into a negotiated settlement agreement ("NSA") to resolve an EEO complaint that he had brought against his superior at the United States Army Proving Ground, James Wymer ("Wymer"). The NSA required that Gulden be "temporarily promoted to the position of Mission Facilities and Requirements Manager, GS-0301-14, step 7" and that "this temporary promotion will be converted to a permanent promotion effective on September 10, 2006." (Doc. # 16, Ex. 2.) Gulden was, in fact, promoted to that position. However, he alleges that Wymer has retaliated against him for his previous EEO activity by directing his immediate supervisors, William Rezin ("Rezin") and Bernice Gonzalez ("Gonzalez"), to harass him with the ultimate goal of coercing him out of his job. Specifically, Gulden alleges that, in 2006 and 2007, he received arbitrary performance evaluations from Rezin and Gonzalez in retaliation for his protected activity. He also alleges that Gonzalez has subjected him to a hostile work environment by refusing to apply the job description dictated by the NSA and by repeatedly fabricating failures or wrongdoing by Gulden to disparage his work performance.

To establish a prima facie case of retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), a plaintiff must show "(1) involvement in a protected activity; (2) an adverse employment action; and (3) a causal link between the two." *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). The United States

moves for judgment on the pleadings because none of the evidence attached to Gulden's complaint shows that his previous protected activity caused Rezin or Gonzalez to give him a negative performance evaluation. The temporal relationship between Gulden's protected activities and the allegedly arbitrary performance reviews does not, by itself, raise an inference of causation under the facts as alleged. Where the only proof of causation is the temporal proximity of a protected activity and an adverse employment action, "the temporal proximity must be 'very close[.]'" *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 274 (2001). In this case, there was an eighteen month gap between Gulden's original EEO complaint and his 2006 performance review. There was a ten month gap between his 2006 EEO complaint and his 2007 performance review. Our circuit has held that a nine month gap was too long to infer causation from temporal proximity alone. *Manatt v. Bank of Am.*, 339 F.3d 792, 802 (9th Cir. 2003). Accordingly, the gap between Gulden's protected activities and the alleged adverse employment actions is too long to infer causation from temporal proximity alone.

Temporal proximity is not the only way to prove a causal relationship between a protected activity and an adverse employment action. "[C]ircumstantial evidence of a 'pattern of antagonism' following the protected conduct can . . . give rise to the inference [of causation]." *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 895 (9th Cir. 2005) (quoting *Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173, 177 (3rd Cir. 1997)). In *Porter*, the Plaintiff alleged a pattern of antagonism that included her supervisors "refusing to grant Porter's requests for vacation or holidays, requiring Porter to be tested for tuberculosis by her own physician, threatening disciplinary action while she was on medical leave, leaving a negative performance evaluation in her personnel file, and instructing her to enter the work site through the back gate." *Id.* at 893. Her supervisors also "ate and then spat in Porter's food in 1996 or 1997; . . . referred to her as a 'fucking bitch' . . . ; . . . told another correctional officer that Porter was a 'whore' . . . and glared at her during the investigation that commenced in October 1998." *Id.*

Gulden attempts to document such a pattern of antagonism from his immediate supervisor, Gonzalez, using his affidavit and the attached exhibits. Gonzalez allegedly questioned Gulden about his arrival time at work and his attendance at scheduled meetings, repeatedly admonished Gulden not to send e-mails or project proposals outside of the office without coordinating with her, reprimanded him for not inputting his schedule into a computer tracking system, and confronted him about a complaint about his behavior received from a contractor in the office. Gulden alleges that Gonzalez entirely fabricated each of these problems with his work performance. He also alleges that, on two occasions, Gonzalez stated that she had Wymer's support to revoke the promotion he obtained as a result of the NSA.

Accepting the truth of all of these allegations, they do not indicate that the ratings Gulden received on his 2006 and 2007 performance evaluations were caused by his protected activities. If Gulden's supervisors aimed to sabotage his evaluations to remove him from his promoted position, they would have declined to make his promotion permanent on September 10, 2006, as specified by the NSA. They did not. Gulden has continued to work in his promoted position. Gonzalez and Rezin actually gave him a higher performance rating in 2007 than in 2006, despite his filing of an additional EEO complaint in September 2006. Since Gulden has maintained his promoted position and his performance rating has improved despite his continuing EEO activity, it would be entirely unreasonable to infer that his protected activities caused him to receive poor performance ratings.

Gulden's hostile work environment claim also fails as a matter of law. To establish a prima facie case of harassment, Gulden must show that he was subject to (1) verbal or physical conduct that was unwelcome; (2) that the conduct was because of his protected characteristic—in this case, Gulden's engagement in protected activity; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive work environment. *Cf. Vasquez v. County of L.A.*, 349 F.3d 634, 642 (9th Cir. 2003). The United States moves for judgment as a matter of law

because the conduct of Gulden's supervisors, Gonzalez and Rezin, was not sufficiently severe. "To determine whether conduct was sufficiently severe or pervasive to violate Title VII, we look at 'all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Id.* (quoting *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 270–71 (2001)).

In addition to the reprimands and admonishments already mentioned, Gulden alleges that Gonzalez has refused to allow him to function in his role as Mission Facilities and Requirements Manager. Gonzalez allegedly instructed Gulden to perform tasks as a team leader for their group, subjected him to close technical and administrative supervision, refused to place him on the Real Property Group Planning Board and instead made him part of a "working group," and deprived him of independent contact with the commander of the Yuma Proving Ground on matters pertaining to his job duties. The Court assumes, for purposes of this motion, that Gulden is correct that these are departures from the official job description for his position. Even so, these departures, combined with the reprimands from Gonzalez, are not severe enough to alter the conditions of his employment and create an abusive work environment. *See Hines v. Cal. Pub. Util. Comm.*, 2009 U.S. Dist. Lexis 10066 at *17–18 (N.D. Cal. Feb. 3, 2009) (holding that a supervisor's "demanding management style . . . did not rise to the level required to state a hostile work environment claim").

Gulden's allegations are similar to the complaints of the plaintiff in *Garity v. Potter*, 2008 U.S. Dist. Lexis 81445 at *9 (D. Nev. Mar. 27, 2008). There, the plaintiff complained that her supervisor gave her illogical and unclear instructions, berated and yelled at her, questioned the amount of time she spent on lunch breaks, constantly scrutinized, watched, and "hovered around" her, put her in no-win situations, and disciplined her for safety and rule violations. Assuming such allegations to be true, the court held that the plaintiff had failed to allege offensive conduct severe enough to create

a hostile work environment. *Id.* at *13–14. The same is true in Gulden's case. His complaints are not trivial, but the departures from his job description and the unfair reprimands he has received are not sufficiently severe to create a hostile work environment.

Gulden has not requested further leave to amend his complaint. Even if he had, judgment would be entered against Gulden without further leave to amend. He has already had one chance to amend his complaint. Given the extent of the documentation he attached to his amended complaint, it would be futile to allow any further amendment. The Court has reviewed Gulden's entire affidavit and each of the exhibits that he filed. Gulden has thoroughly explained and documented the facts of his case and those facts do not amount to a violation of Title VII as a matter of law. Moreover, Gulden's one and one-half page response to the United States' motion states nothing but bare conclusions. He has refused to substantively engage the arguments made by the United States, further demonstrating the futility of granting him leave to amend a second time. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."); *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

IT IS THEREFORE ORDERED that Defendant Pete Geren's motion for judgment on the pleadings (doc. # 22) is granted.

IT IS FURTHER ORDERED that the Clerk enter judgment in favor of Defendant and that the Plaintiff take nothing. The Clerk shall terminate this action.

DATED this 16th day of June, 2009.

Neil V. Wake
United States District Judge